IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNY HAWKINS,

                      Plaintiff

VS.

ROSALYN SHINHOLSTER, *et al.*,

                      Defendants

NO. 5:05-CV-341 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

**O R D E R**

The defendants have filed a MOTION FOR SUMMARY JUDGMENT in the above-styled case (Tab #28) to which the plaintiff has responded (Tab #35). The defendants have filed a reply to the plaintiff's response. Tab #37. Also in the record are the defendants' brief in support of their motion, a Statement of Undisputed Material Facts, and the deposition of the plaintiff taken on April 13, 2006. The parties have heretofore consented for this matter to be determined by the United States Magistrate Judge.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## BACKGROUND

Plaintiff, an inmate in the state prison system, has filed this suit alleging that the defendants failed to protect him from an attack from a fellow inmate while he was incarcerated at Men's State Prison ("Men's") in Hardwick, Georgia. The plaintiff alleges that the defendants' actions amount to deliberate indifference to his well-being. The defendants' motion for summary judgment asserts the defenses of qualified immunity, the statute of limitations, and the fact that §1983 does not permit liability based on respondeat superior. The defendants also seek judgment based on the merits of the claim.

## FACTS

On June 28, 2002, plaintiff HAWKINS and another inmate, Tony Butler, were involved in a physical altercation. Butler threw the first punch in that incident but lost the fight. After that altercation, Hawkins and Butler were kept in different facilities and/or dorms until January of 2003, at which time Hawkins approached defendant Hooks and told her that he did not feel comfortable being housed in the same dorm as Butler; however, he admitted that he was not scared. Hawkins and Butler were both housed in E Hall for about a month before Hawkins was transferred.

At some point thereafter, the two were again housed in the same hall for about two months, again with no incident, and Hawkins did not express concern to any of the prison staff regarding the situation. Between January of 2003 and April of 2004, the two ate in the same cafeteria and saw each other every day.

The incident around which this lawsuit is centered came about on April 4, 2004, when Butler attacked Hawkins while Hawkins was on the telephone. The attack resulted in the Hawkins' getting a cut above his eye. Plaintiff has also alleged that defendant Jordan "inflamed the circumstances by taunting Inmate Butler" (Plaintiff's Response, Tab #35 at 7) but has produced no evidence in support of that claim.

# DISCUSSION

## Failure to Protect

The benchmark case dealing with protection against inmate-on-inmate violence is *Farmer v. Brennan*, 511 U.S. 825 (1994), which holds that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer* continues:

> *It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be objectively, sufficiently serious . . . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.*
>
> *The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. Id. at 834.* (Internal punctuation and citations omitted.)

The Plaintiff's allegations simply do not reach the level of deliberate indifference. Even the plaintiff admits that he was not afraid when he was in the same place as Butler, and the two had been in the same cell block on at least two occasions for at least one month without incident.

Plaintiff Hawkins fails to set forth evidence as to why **any** defendant knew that Hawkins was in "**substantial** risk of **serious** harm" as is required for an Eighth Amendment Violation.[2] Instead, the plaintiff asserts that "the ultimate verification and investigation, control, good order, welfare, and security is ultimately in the hands of the prison officials." Plaintiff's Response, Tab #35 at 2. The plaintiff apparently believes that anytime any of those factors goes awry that any prison official who could have prevented the mishap violated the constitutional rights of the inmate who suffered as a result. That is an incorrect reading of the law as set forth in *Farmer* and its progeny. *See e.g. Chandler v. Crosby*, 379 F.3d 1278 (11th Cir.2004). In light of this analysis, judgment in favor of the defendants is appropriate as to the plaintiff's allegations of the defendants' failure to protect.

- 4 -

---

[2]Even if the plaintiff had given the court evidence of inferred knowledge of a substantial risk on the part of the defendants, whether the plaintiff suffered serious harm as a result is borderline at best as the only injury he alleges is a cut above his eye.

**Defendant Jordan**

The plaintiff has made specific allegations regarding defendant Jordan's telling other members of the institution about the plaintiff's 2002 altercation with Butler. Plaintiff claims that Jordan's spreading stories about the 2002 fight caused Butler to attack the plaintiff in 2004.

Even if plaintiff HAWKINS could find a clear causal connection between Jordan's actions and Butler's attack (which the plaintiff has failed to do), and even if plaintiff could find an Eleventh Circuit Court of Appeals or Supreme Court case that would put Jordan on notice that his actions would be a constitutional violation (the plaintiff has provided no supporting law on this claim), he has still failed to provide an "sufficiently culpable state of mind" that is required to show a constitutional violation. Accordingly, defendant Jordan is entitled to judgment in his favor.

For the foregoing reasons, the defendants' Motion for Summary Judgment is GRANTED.[3]

SO ORDERED this 29th day of MARCH, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Since this order grants judgment on the merits of the plaintiff's claims, it is unnecessary to address the defendants' additional defenses.